**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY JEROME MCKNIGHT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7830** |
| | : | |
| **KAREN COLLEEN BUCK,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**COSTELLO, J.** **OCTOBER 20, 2026**

*Pro se* Plaintiff Anthony Jerome McKnight brings this civil action against Karen Colleen Buck. McKnight also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant McKnight leave to proceed *in forma pauperis* and dismiss this case without prejudice for lack of subject matter jurisdiction.

## I. FACTUAL ALLEGATIONS[1]

McKnight states that "[f]or over five years the parties have attempted to divorce, but Defendant had been unwilling to part with her millions." (Compl. at 2.) McKnight avers that he and Buck "agreed upon more than $3,100 per month in alimony *pende*[*nte*] *lite* and spousal support with filing for divorce," but that no divorce action is currently pending.[2] (*Id.*) He

---

[1] The facts set forth in this Memorandum are taken from McKnight's Complaint. (ECF No. 1.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] The Court understands McKnight's reference to "alimony *pende lite*" to mean "alimony *pendente lite*," that is, temporary, provisional alimony pending litigation. *See Alimony*, Black's Law Dictionary (12th ed. 2024).

alleges that Buck "has refused to pay the agreed upon more than $3,100 per month pre-divorce filing alimony *pende*[*nte*] *lite* and spousal support despite numerous demands by [McKnight] without any legal justification." (*Id.* at 3.) McKnight asserts causes of action for: breach of contract, breach of the "covenant of good faith and fair dealing," and "intentional misrepresentation" against Buck. (*Id.* at 3-7.) As relief, McKnight seeks "judgment against [Buck] in the amount of [$]3,100 per month until they are divorced, retroactive to August 2026," plus unspecified "incidental, consequential, and punitive damages, including attorney's fees." (*Id.* at 7.)

## II. STANDARD OF REVIEW

Because it appears that McKnight is incapable of paying the fees to commence this civil action, the Court will grant leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss McKnight's Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the TAC as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citation modified), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal

just by alleging the conclusion to an ultimate legal issue.").

"Normally, *pro se* litigants benefit from liberal construction of their filings. But that rule arguably does not apply [where the *pro se* litigant] is an attorney." *In re Gurvey*, No. 22-2562, 2022 WL 4461391, at *1 n.1 (3d Cir. Sept. 26, 2022) (*per curiam*) (first citing *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021), then citing *Allen v. Aytch*, 535 F.2d 817, 821-22 n.21 (3d Cir. 1976)); *see also Stagliano v. Coll*, No. 22-2691, 2023 WL 3943732, at *1 n.1 (3d Cir. June 12, 2023) (*per curiam*) (same); *In re Marinari*, 610 B.R. 87, 90 n. 3 (E.D. Pa. 2019) (noting that "an attorney [acting *pro se* is] not entitled to the liberal construction afforded non-lawyer *pro se* litigants"), *aff'd*, 838 F. App'x 709 (3d Cir. 2021); *Ning Ye v. Police Dep't of New Castle*, No. 18-1781, 2020 WL 4501919, at *3 (D. Del. Aug. 5, 2020) ("The Court does not extend the indulgence of the *pro se* liberal construction rule to *pro se* litigants who, like Plaintiff, are also attorneys." (citing *Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014))); *Cresci v. Gyess*, No. 17-2342, 2018 WL 4961466, at *1 n.1 (D.N.J. Oct. 15, 2018) ("Because of his legal training, I do not afford his complaint the liberal reading due the pleadings of an ordinary *pro se* litigant." (citations omitted)), *aff'd sub nom. Cresci v. Gyss*, 792 F. App'x 226 (3d Cir. 2020). McKnight is a trained attorney who was disbarred by the Supreme Court of Pennsylvania, this Court, and the United States Court of Appeals for the Third Circuit. *See In re: Anthony Jerome McKnight, Esq.*, C.A. Misc. No. 12-8051 (3d Cir. Sept. 20, 2012) (citing Pa. No. 93 Disciplinary Docket No. 3, and E.D. Pa. No. 01-mc-0093).

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d

116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

**III. DISCUSSION**

McKnight's Complaint opens with a list of federal statutes, but he then pleads only state-law contract claims, based on his Defendant Buck allegedly failing to pay him an agreed amount of monthly alimony *pendente lite*. (Compl. at 1, 3-7.) Passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("[A] passing reference to an issue . . . will not suffice to bring that issue before this court.")). Accordingly, the Court considers only the breach of contract claim to which McKnight's factual allegations refer.

Because McKnight's breach of contract claim does not present a federal question, the only source of this Court's jurisdiction over his state-law breach of contract claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005), and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)

(internal footnotes omitted)); *see also Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022) (stating that, "as its name indicates," diversity jurisdiction requires that opposing parties be citizens of diverse states). It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Haiying Xi v. Shengchun Lu,* 226 F. App'x 189, 190 (3d Cir. 2007) (*per curiam*) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

An individual is a citizen of the state where he or she is domiciled, meaning the state where he or she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Id.* Residence alone is insufficient to establish domicile. *See Freidrich v. Davis,* 767 F.3d 374, 377 (3d Cir. 2014) (explaining that "[c]itizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." (internal quotations and citation omitted)).

The amount in controversy "is determined from the good faith allegations appearing on the face of the complaint." *Elansari v. Tinder, Inc.,* 784 F. App'x 114, 115 (3d Cir. 2019) (*per curiam*) (quoting *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997)). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 395 (3d Cir. 2016) (internal quotations and citation omitted). "Accordingly, the question whether a plaintiff's

claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id.* (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)). The party invoking diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Id.* (citation omitted).

McKnight fails to meet his burden to establish this Court's subject matter jurisdiction. He pleads that he is a citizen of North Carolina. (*See* Compl. at 2.) Yet his Motion to Proceed *In Forma Pauperis* indicates that his limited self-employment income is from business conducted "Since 2007" from his home address in Philadelphia. (*See* ECF No. 4 at 2.) Even assuming that McKnight has moved to North Carolina with a genuine intent to remain there indefinitely, he has not satisfied the amount-in-controversy requirement, because he states only that he wants a judgment directing the Defendant to pay him $3,100 per month, retroactive to August 2026, and completely unspecified other damages. (*See* Compl. at 2-3, 7.) There appears to be no basis to conclude that the amount in controversy exceeds $75,000.

Even if McKnight could cure these deficiencies through additional facts, there is another barrier to this Court's exercise of jurisdiction over McKnight's claim. The Supreme Court has held that a "narrow" "domestic relations exception" exists to diversity jurisdiction. *Ankenbrandt v. Richards*, 504 U.S. 689, 706-07 (1992). It "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 242 (3d Cir. 2008) (quoting *Ankenbrandt*, 504 U.S. at 704). This Court therefore lacks jurisdiction to order the payment of alimony.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant McKnight leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction. The dismissal will be without prejudice to McKnight properly asserting his claims in state court. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)). However, McKnight will not be granted leave to amend in this action because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A final order follows.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**